The last case on for argument today is Bryant v. United States. Good morning, your honors. Randolph Volkel for the appellant here. We received, I saw it I guess this morning, a letter with respect to a case called Munoz v. United States. I did see that yesterday, your honor. Yes, I did see it this morning. It suggests that we in a sense have to wait at least on the U.S. v. Johnson issue until the panel hears the same issue. Do you have any view on that or do you disagree? Maybe I should rephrase that. Is there a difference between, as far as you know, between that case and this case that would make this difference? Normally, if we have the same issue coming before a variety of panels, and it happens, particularly in the wake of Supreme Court decisions, the first court panel that gets it, that happens before, the other panels await the decision by that one. And the question is whether you have a view as to whether we ought to do it with respect to the Johnson issue in this case. Unfortunately, I did not have the opportunity to get to all the papers from Munoz. I don't know what the differences might be, but certainly what your honor says is the ordinary way in which things are done. But I don't think that should preclude us from arguing the issue. No, no, no, no. There's not only that issue, but there are other issues too, and that is clearly not a problem. And I will say, and I'll speak for both of my colleagues in this regard, because it's the practice of our court as a whole, that if a decision comes down in the interim, obviously, that has precedence, as Judge Sack has pointed out, or that may have precedence and we determine it does or perhaps does, we'll ask for supplemental briefings so you'll get a chance to ring in on it again. Thank you, your honor. Appellant in this case was actually sentenced in 1994, which was under the mandatory guidelines. They would remain mandatory for another decade or more, and then it would be another decade before Johnson would be decided. So that was long enough ago that I still had hair, and the only person here who can testify to that is Judge Jacobs. If you remember. But Johnson was decided in 2015, and appellant actually filed within a year of that. And it was Welch in 2016 that made Johnson retroactive, and he filed within two months of that. So the only question would be, or at least the main question would be, whether Johnson established a new Supreme Court rule that appellant was seeking to have considered. And that is the case. Now whether or not he would have succeeded, that's a different issue. But since Johnson, there have been several cases that have ruled on subsequent issues, one of them being Beckles, which held that Johnson did not apply to the advisory guidelines, but went short of saying that it didn't apply to the mandatory guidelines. There were also DeMeyer and Davis, which essentially found that the same language that was found unconstitutional in Johnson was unconstitutional regarding different laws. And every court through Davis has found that the language is unconstitutional when it was mandatory, when it actually controlled the sentence. The point of Johnson is that people are entitled to be sentenced under laws which are not vague in fixing their sentences. And that's what the mandatory guidelines were. I mean, they're not a law, but the provision was vague, and the mandatory guidelines did have the effect of fixing sentences. So if we get through what will be the preceding cases and agree with you, what does our direction to the district court look like? I think the district court needs to go back and, well, I guess your direction is a remand for them to reconsider whether Johnson as applied to the particular language, which is the same in this case, has the same effect and renders this law unconstitutionally vague. I mean, I think we would be asking the district court to view Johnson in its general overriding sense that you can't fix sentences with a vague law. I think it's much too narrow to say, well, Johnson only applies to the one law, so it has nothing to do with anything else that happens. Because I think if you do that, if you say that it can't be applied to this case, then petitioners who were sentenced under the mandatory guidelines really can never have an opportunity to bring a habeas. Would we reach this if we thought that the robbery qualified under the enumerated felony force clause with the enumerated felonies? Would we have to reach this at all? I think whenever you look at prior felonies, there's always an opportunity to go back and challenge whether the particular crime should be counted. That if we find that Johnson changes what we're looking at, then I think we have to go back and let him have his full hearing. Exactly, exactly. And I think that's where my suspension argument comes in, that these circumstances are novel, not unique. Following up on Judge Sachs' question, you may have an argument if the residual clause has to be used in order to classify this offense. But what if it can clearly be classified under the force clause or under the enumerated offenses clause? And you don't have to reach the residual at all. I'm not sure that we can necessarily . . . I mean, I know part of the argument was that there were other crimes that would have qualified, but again, those can always be challenged. So I think we still have to let it go back to the district court to make sure . . . I mean, if it can be demonstrated after having people have an opportunity to be heard, that it's under the force clause, then I guess we're out of luck. But the record here wouldn't provide an adequate basis for that . . . I don't believe it would, Your Honor. Okay. You've reserved three minutes for rebuttal? Yes. Mr. Volkow? Thank you. Mr. Capozzi? Thank you, Your Honors. May it please the Court, I am Timothy Capozzi, and I represent the government in this case. I also represented the government below. For his petition to be timely, the petitioner must assert a right that has been recognized by the Supreme Court and that has been made retroactive by the Supreme Court. The district court correctly held that the right asserted here has not been recognized by the Supreme Court. The petitioner here . . . Your Honor, with respect to the Nunes case, that case, my understanding is, raises the identical timeliness issue. They're addressing the same issue on the timeliness, so . . . Fair enough, Your Honor. But my understanding of that case is, it came up from a Judge Kaplan opinion. Judge Kaplan, similar to Judge Versetti, ruled on the timeliness issue, determined that the petition was untimely, and the appeal was taken at that point. And so, it raises that same threshold issue. The petitioner here is asserting a right to have his sentencing range calculated under an allegedly vague provision of the mandatory guidelines. There's no language like that in Johnson. Johnson didn't discuss the guidelines at all. Johnson recognized a right not to have one's statutory minimum and maximum sentence increased pursuant to an unconstitutionally vague statute, the Armed Career Criminal Act. In Beckles, the Supreme Court held that no right such as that asserted here exists with respect to the advisory guidelines. And it is clear from Justice Sotomayor's concurrence in Beckles that the Supreme Court has not recognized any such right with respect to the mandatory guidelines. Accordingly, the petition is untimely. The petitioner also defaulted his claim because he had all the tools to construct it over 20 years ago, at the time of his conviction and at the time of his direct appeal, and he did not make his argument. He has not presented any valid basis to excuse that failure, and therefore, that procedural default offers the Court an alternate grounds to dismiss the petition. Furthermore, even if Johnson did apply to the residual clause in the mandatory guidelines, the petitioner has not shown that the clause was vague as applied to him. And this goes to the issue that the Court was addressing at the conclusion of my adversary's argument. The government argued that the defendant's priors and instant offense would nevertheless qualify him as a career offender, whether or not the residual clause is ultimately determined to be unconstitutionally vague. The petitioner has not contested that argument made by the government, and this Court does not have to send it back to the district court to make that determination. It's right for this Court's consideration if the Court eventually reaches that point in the analysis. But again, there's no need for that. The petition is untimely, and the Court need go no further than that. Supposing we do? Supposing you do, Your Honor, the analysis would presumably proceed as it has passed the timeliness issue. Then there's a question regarding whether or not this case was procedurally defaulted. Our argument is that it was. It was not raised down below or on direct appeal. At that point, you would then reach the question of whether or not this allegedly vague provision was vague as applied to this particular petitioner. And our argument is he had a 1975 prior for conspiracy to commit bank robbery, a 1980 prior for bank robbery. His instant offense included an armed bank robbery. The armed bank robbery is no question a crime of violence, and the priors under our view and under this circuit's recent opinion, which came out after the briefing in this case, in Moore, Moore held that bank robbery, federal bank robbery, under the version of it that was committed by force, violence, or intimidation, qualifies as a crime of violence under what that Moore court called the commentary clause. That is, that robbery was explicitly included in the commentary to the guidelines at the time of this case and until recently. Furthermore, and this circuit, as far as I know, has not made an ultimate determination, but furthermore, our position would be that it would also qualify under the force clause. And so if this court were able to get through all of those steps, our position would still be that this petitioner would not have benefited from the excision of the residual clause because his bank robbery, his instant, and his prior still qualify. Is it a procedural default if you don't raise something on appeal where it is clear, but obviously it's not clear because it's subject to being changed by the U.S. Supreme Court, where it is clear that essentially the argument is not a winner or is not, sorry, viable. I won't say it doesn't have to be a winner, but it is. There's no legs for the argument. Your Honor, the analysis on the procedural default is whether or not there was good cause for the default and whether or not there was prejudice. And we haven't been through that analysis in this record? We make the arguments on that point, but in terms of the district court, the district court did not read it or make that analysis. Our position is that there is no good cause here because the petitioner had all the tools to construct his argument down below, or rather at the time that he was convicted and at the time that he made his direct appeal. And to support that argument, we cite the cases from the 90s where other defendants are arguing that different aspects of the guidelines, which were then mandatory, were unconstitutionally vague with regards to their cases. Those cases, to my knowledge, did not include a challenge to this particular guideline provision, the career offender and the residual clause, but nevertheless, they're analogous to the extent that— Your Honor, you've reviewed—did the appellant ever wing one of them? To the best of your recollection, standing there. Not that I recall, Your Honor, but I could be. The important point is that they were arguments that provisions in the guidelines were constitutionally vague. And given those arguments were being made at the time, this petitioner could have made that argument. Then, after that good cause question, then you get to the prejudice point, which, for the reasons that we've already discussed, our position is that there was no prejudice here, and so the procedural default fails on that prong as well. There's a separate consideration if there's a claim of actual innocence. That may get you around a procedural default, but I don't think anyone here is asserting an actual innocence. The defendant was convicted of an armed robbery where he was shooting at patrol officers. Thank you. Thank you. Mr. Capozzi? The—I think that— I'm sorry, Mr. Potello, I have a problem. No problem. I sometimes forget. I do. The—as to the procedural default, I think it's reasonable for an appellant to take the position that he was not the smartest man alive in 1994 and couldn't have been expected to be the first person to think of this challenge. But that's exactly why the clock restarts when there's a new Supreme Court precedent. And in this case, what Johnson says is that people have a right to be free of vague laws fixing their sentences. That was the new principle that was established in Johnson, and that's what should have restarted the clock to raise the challenge to the unconstitutionally vague provision that was fixing sentences. And an appellant did file within the— Some of our jurisprudence has said, following Johnson, that Johnson basically applies a due process analysis to a particular provision of the statute— Right. Sorry, of our criminal title. And the fact that you've got due process challenges isn't a brand-new idea. I mean, that's part of the problem in bringing Johnson over to other things and saying that by applying it retroactively, it somehow encompasses all due process challenges. So why is yours not just a due process challenge that Johnson announced a general principle for but has no real bearing on in terms of analysis? Well, it's the exact same language. So there's a—you know, Johnson said this language is unconstitutionally vague, and it was dealing with one particular statute when it said that. But in DiMaia and Davis, that same language has been found to be unconstitutional in other statutes. I think it's pretty clear that where that language is used to fix a sentence that there's a problem. It's not—it is vague. It's unconstitutionally vague. And the Supreme Court probably shouldn't have to decide every time that language comes up. They've decided it several times, and it's not unreasonable at this point to apply that decision. To say the clock restarted with Johnson, it's the same language, it's still unconstitutional, and this court should do that. And as far as the fact that there are other armed robberies, other crimes that might qualify, the district court should look at those, and that's what should happen on remand. If he can't demonstrate that there's something wrong with one of them, then he may still be out of luck because he may still have too many. But he has the opportunity to say, well, wait a second, you know, it's too late to appeal that. But it was clearly my rights were violated, and here's the transcripts, and I can challenge that that should be used. And that happens all the time. Thank you. Thank you, Your Honor. Thank you both. We'll reserve decision in this matter.